IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Respondent/Plaintiff,

vs.                                                      No. CV 16-00431 JCH/GBW
                                                      No. CR 99-00444 JCH

CHARLES P. ROMERO,

       Movant/Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 8; CR Doc. 18, 20). Movant Romero seeks to be resentenced based on the United States Supreme Court's ruling in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). The Court determines that Romero is not eligible for relief under *Johnson* dismisses his § 2255 Motion.

On April 21, 1999, Romero was indicted on two counts of aggravated sexual abuse by force under 18 U.S.C. § 2241(a)(1). (CR Doc. 1). The crimes occurred in Indian Country and were prosecuted pursuant to 18 U.S.C. § 1153. Romero pled guilty to both counts by a Plea Agreement on May 29, 1999 (CR Doc. 8, 9). Romero was sentenced to life imprisonment on November 15, 1999. (CR Doc. 16). In addition to his life sentence in this case, Romero also pled guilty to two counts of robbery in State of New Mexico, County of Santa Fe, First Judicial District Court cause No. D-101-CR-199600775 and to one count of Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (b) in CR 99-00378 JEC. (CR 99-00378 Doc. 23). His

sentences in D-101-CR-199600775 and CR 99-00378 JEC were to be served concurrently and consecutively to his life sentence in CR 99-00444 JCH. (CR Doc. 16 at 2).

Romero filed his Motion Under 28 U.S.C. § 2255 on June 13, 2016. (CV Doc. 8; CR Doc. 20). In his Motion, Romero argues that he received an enhanced sentence as a career offender under the residual clause of USSG § 4B1.1(2) and is eligible for relief under *Johnson.* (CV Doc. 8; CR Doc. 20).

In *Johnson*, the Supreme Court struck down the residual clause language of 18 U.S.C. § 924(e) of the Armed Career Criminal Act of 1984 (ACCA). Section 924(e)(2)(B) provides:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ."

For purposes of Section 924(e), "violent felony" is defined to mean any crime punishable by imprisonment for a term exceeding one year that:

> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . ."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language has come to be known as the residual clause. *Johnson,* 135 S.Ct. at 2556. In *Johnson*, the Supreme Court held that the language of the residual clause is impermissibly vague and imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. 135 S.Ct. at 2563.

The predicate crime for an enhanced sentence under § 924(e) is transportation or possession of a firearm by a person who has been convicted of a crime punishable by

imprisonment for a term exceeding one year. 18 U.S.C. § 922(g). Romero's was not sentenced under the ACCA and his sentence clearly was not enhanced under the residual clause of the ACCA. Instead, his sentence was imposed for the crime of aggravated sexual abuse under 18 U.S.C. § 2241(a)(1). Section 2241(a)(1) states:

> "Whoever . . .knowingly causes another person to engage in a sexual act—
> (1) by using force against that other person . . .
> or attempts to do so, shall be fined under this title, imprisoned for any
> term of years or life, or both."

The Supreme Court's ruling invalidating the residual clause of § 924(e) in *Johnson* does not apply to Romero's sentence on two counts of aggravated sexual abuse under 18 U.S.C. §§ 2241 and 1153.

Nor did Romero receive a sentence as a career offender under USSG §§ 4B1.1 and 4B1.2. He was sentenced separately for the Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (b) in CR 99-00378 JEC and the state robbery conviction in State of New Mexico, County of Santa Fe, First Judicial District Court cause No. D-101-CR-199600775. The fact that his sentences in those cases were to be served concurrently and consecutively to his life sentence in this case does not equate to enhancement of his sentence under the career offender guidelines. See U.S.S.G. §§ 4B1.1 and 3D1.2(d) (1998) and Presentence Report ("PSR") at 3-12.

Romero was sentenced to life in prison for the two counts of Aggravated Sexual Abuse. (CR Doc. 16; PSR at 20-23). The *Johnson* ruling clearly has no application to his sentence and he is not eligible for any relief under *Johnson*. The Court will dismiss his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 8; CR Doc. 20) under Rule 4 of the Rules Governing Section 2255 Proceedings. The Court also determines, *sua sponte* under Rule 11(a) of the Rules Governing Section 2255 Cases, that

Contreras has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a certificate of appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 8; CR Doc. 18, 20) is **DISMISSED** with prejudice, the Court denies a certificate of appealability, and judgment will be entered.

                                                    _____
                                                  UNITED STATES DISTRICT JUDGE